# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Victoria Snyder, <br><br> Plaintiff, <br> v. <br><br> United Collection Bureau, Inc., an Ohio corporation, <br><br> Defendant. | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Occupational Code ("MOC"), MCL 339.901 *et seq.*

2. Starting in April, 2016 UCB used its automated dialers to inundate Ms. Snyder with collection calls to her cell phone to collect on bills allegedly owed to UCB. In many of those calls, UCB used artificial or prerecorded messages. The use of this

       technology in the placement of calls to Ms. Snyder was in violation of the TCPA.

3. The guiding principal of the TCPA is the need to protect the consumer from an invasion of privacy. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1999,* F.C.C. 07-232, 23 F.C.C.R. 559 ¶ 2(Dec. 28, 2007; released Jan. 4, 2008). FCC citing the Congressional purpose.

4. A predictive dialer constitutes an automatic telephone dialing system within the meaning of the TCPA. 23 F.C.C. R. 559, 566, ¶ 12 & 13. In that Ruling, for a second time the FCC rejected the position that a predictive dialer only meets the definition of an ATDS when it randomly or sequentially generates numbers. Rather, it stated "In this Declaratory Ruling, we affirm that a predictive dialer constitutes an automatic telephone system and is subject to the TCPA's restrictions on the use of autodialers." 23 F.C.C. R. 559, 566 ¶12.

5. The FDCPA was, in part, enacted to address invasions of individual privacy caused by abusive debt collection practices. 15 U.S.C. § 1692(a).

6. "If the FDCPA makes one thing clear, it is that debt collectors must be circumspect in the way they choose to communicate with debtors. This is a highly regulated industry, and strict compliance is the order of the day." *Thompke v Fabrizio & Brook, PC*, 261 F Supp 3d 798 (E.D. Mich, 2017).

7. Plaintiff Victoria Snyder brings this action to enforce the TCPA's strict limits on calls placed through automated telephone dialing systems ("ATDS"). Plaintiff seeks statutorily-authorized damages of $500-$1500 per illegal call, as well as injunctive relief requiring Defendant to comply with the law.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises under 47 U.S.C. § 227, 28 U.S.C. §§ 1331, 1337, 1637, and 15 U.S.C. § 1692k(d).

9. The acts and occurrences arose in this District. Plaintiff at all relevant times resided in Ionia County, Ottawa County, and Muskegon County, and Defendant transacts business in Ionia, Muskegon, and Ottawa Counties.

## PARTIES

10. Plaintiff, Victoria Snyder ("Ms. Snyder") is a natural person who resides in the County of Muskegon, State of Michigan.

11. At all times relevant to this Complaint, Plaintiff was and is a "person" as defined by 47 U.S.C. § 153(39).

12. Plaintiff is a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

13. Ms. Snyder is a "consumer" as defined by M.C.L. § 339.901(1)(f).

14. Defendant, United Collection Bureau, Inc., ("UCB"), is a foreign corporation.

15. Defendant UCB uses at least one instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

16. Defendant UCB regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. Defendant UCB is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

18. UCB is a "collection agency" as defined by M.C.L. § 339.901(b).

19. At all times relevant to this Complaint, UCB was and is a "person" as defined by 47 U.S.C. § 153(39).

20. At all relevant times to this Complaint, Ms. Snyder's cell phone, the phone number ending in 8412, was and is a number assigned to a cellular telephone service 47 U.S.C. § 227(b)(1)(A)(iii).

21. At all times relevant to this Complaint, UCB has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

22. UCB at all times relevant to the Complaint herein engaged in "telecommunications" defined at 47 U.S.C. § 153(50).

23. UCB at all times relevant to the Complaint herein engaged in "interstate communications" at 47 U.S.C. § 153(28).

24. At all times relevant to this Complaint, UCB has used, controlled, and/or operated "wire communications" as defined at 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

25. At all times relevant to this Complaint, UCB has used, controlled, and/or operated "automatic telephone dialing systems" as defined at 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## GENERAL ALLEGATIONS

26. Ms. Snyder maintains a cell phone in order to maintain personal contacts with family, friends, and as a device through which she can seek emergency help.

27. The service for her cell phone is provided via a "cellular telephone service" as described at 47 U.S.C. § 227(b)(1)(A)(iii).

28. Sometime prior to April 1, 2016, upon information and belief, Plaintiff's ex-boyfriend, Cory Thelen, incurred a financial obligation that was primarily for personal, family or household purposes ("the Debt").

29. Upon information and belief, Mr. Thelen defaulted on the Debt.

30. Upon information and belief, the Debt was a consumer debt related to medical services.

31. Sometime after default, the Debt was assigned, sold, conveyed, delivered, consigned, placed, or otherwise transferred to Defendant UCB for collection.

32. At all times relevant to this Complaint, UCB's phone calls to Ms. Snyder's cellular phone were made in furtherance of its effort to collect the Debt.

33. The Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

34. The Debt is a "debt" as that term is defined by MCL 339.901(1)(a).

35. The Debt is a "claim" as that term is defined by MCL 339.901(1)(a).

36. Ms. Snyder does not have any business relationship with UCB, or any connection to UCB.

37. Ms. Snyder did not owe any money to UCB.

38. In or around April 2016, UCB began calling Ms. Snyder on her cell phone regarding the Debt.

39. During these calls there would be an automatic or pre-recorded message that stated, "If this is Corey Michael Thelen, stay on the line. This is a collection agency" or words to that effect.

40. Corey Michael Thelen is Ms. Snyder's ex-boyfriend.

41. Since April 2016, UCB has called Ms. Snyder multiple times in a week and on occasion, multiple times in a day, at times, calling before 8:00 am.

42. Through the numerous calls, caller identification information of "416" and "(800)333-7729," and UCB's messages, Ms. Snyder was able to determine that UCB was

calling to collect on a debt that was not hers.

43. At all times material and relevant hereto, UCB used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227 (a)(1) and 47 C.F.R. 64.1200(f)(1).

44. UCB placed these calls using an automatic telephone dialing system.

45. The calls by UCB to Ms. Snyder's cell phone used one or more prerecorded messages.

46. Ms. Snyder did not give UCB permission to call her cell phone.

47. On multiple occasions Ms. Snyder remained on the line to a tell a UCB representative that she did not owe them any money, but there was no option to do so.

48. UCB continued to place calls to Ms. Snyder using its automatic telephone dialing system.

49. UCB uses its ATDS to contact a large number of people to collect, or attempt to collect, debts.

50. UCB leaves pre-recorded messages to convey information to the recipients of its calls.

51. The purpose of each call to Ms. Snyder's cell phone was to attempt to collect a debt.

52. The purpose of each message left on Ms. Snyder's cell phone was to attempt to collect a debt.

53. UCB did not make any calls to Ms. Snyder's cell phone for any emergency purpose.

54. The placement of unconsented calls to Ms. Snyder's cell phone using the prohibited technology under the TCPA, constitutes a harassing, oppressive or abusive method of collection, in violation of M.C.L. § 339.915(n).

55. The calls from UCB caused Ms. Snyder numerous interruptions, disruptions, caused wear and tear on her cellular telephone, impaired her ability to make or receive calls, and caused the loss of power to her cellular telephone.

56. In addition, hearing the prerecorded messages which left Ms. Snyder's ex-boyfriend's name, has caused her emotional

      distress.

57. As a result of UCB wrongful conduct, Ms. Snyder has suffered damages.

58. Plaintiff has suffered an injury in fact traceable to UCB's conduct that is likely to be redressed by a favorable decision in this matter.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF TELEPHONE
### CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. UCB has negligently violated the TCPA, 47 U.S.C. § 227 *et seq.*, including, but not limited to 47 U.S.C. § 227(b)(1)(B), and § 227(b)(1)(A)(iii), in relation to Ms. Snyder.

61. As a result of UCB's negligent violations of the TCPA, Ms. Snyder may recover statutory damages of $500.00 for each and every call in violation of the statute.

62. Alternatively, UCB has knowingly or willfully violated the TCPA in relation to Ms. Snyder.

63. As a result of UCB's willful violations of the TCPA, Ms. Snyder may recover statutory damages of up to $1,500.00 per call in violation of the statute.

## COUNT II.
## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq*.

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. UCB's actions in attempting to collect the alleged debt owed by Mr. Thelen violated the FDCPA, including, but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692d, 1692d(5) and 1692f.

## COUNT III.
## VIOLATIONS OF THE
## THE MICHIGAN OCCUPATIONAL
## CODE, M.C.L. § 339.901 *et seq*.

66. Ms. Snyder incorporates the preceding allegations by reference.

67. UCB's actions in attempting to collect the alleged debt owed by Mr. Thelen violated the MOC, including, but not limited to, M.C.L. § 339.915 (n) and (q).

68. Ms. Snyder has suffered damages as a result of these violations of the MOC.

69. UCB's violations of the MOC were willful.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

A. Under the TCPA, an award to Plaintiff, as allowed by law for:

   i. a declaration that USB violated the TCPA;

   ii. statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against UCB;

   iii. treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against UCB; and

      iv.    an injunction prohibiting UCB from contacting Ms. Snyder using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

B. Under the FDCPA, an award to Plaintiff, as allowed by law for:

      i.    actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

      ii.    statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

      iii.    reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant UCB.

C. Under the MOC, an award to Plaintiff, as allowed by law for:

      i.    actual damages pursuant to M.C.L. § 339.916(2);

      ii.    treble damages pursuant to M.C.L. § 339.916(2); and

      iii.    reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

D. Other such relief this Court deems necessary, just, and proper.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com

## JURY DEMAND

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.

    Respectfully submitted,

    GOLDEN LAW OFFICES, P.C.

    /s/ B. Thomas Golden
    B. Thomas Golden (P70822)
    Attorney for the Plaintiff
    2186 West Main Street
    P.O. Box 9
    Lowell, Michigan 49331
    Telephone: (616) 897-2900
    Facsimile: (616) 897-2907
    btg@bthomasgolden.com